UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1021; BIANKA SAENZ; CARLA MALDONADO,

Plaintiffs,

v.

COUNTY OF SAN JOAQUIN,

Defendant.

No. 2:15-cv-02202-MCE-KJN

**MEMORANDUM AND ORDER**

Through this action, Plaintiffs Service Employees International Union ("SEIU") Local 1021, Bianka Saenz, and Carla Maldonado (collectively, "Plaintiffs") seek redress from Defendant, and Plaintiffs' former employer, San Joaquin County ("Defendant" or the "County") arising out of Saenz's and Maldonado's termination of employment. Specifically, Plaintiffs' operative First Amended Complaint ("FAC") alleges that Defendant failed to inform Plaintiffs of their rights to return to their permanent status positions, failed to return Plaintiffs to their pre-promotion permanent status positions, and failed to provide Plaintiffs with pre-deprivation, due process hearings, all in violation of Plaintiffs' due process rights as protected civil service employees. ECF No. 6. Plaintiffs seek declaratory and injunctive relief enjoining Defendant from dismissing Plaintiffs from

1

employment without the ability to return to their pre-promotion positions and an award of monetary damages to compensate for Plaintiffs' lost wages and attorney's fees. Presently before the Court are the parties' cross-motions for summary judgment. ECF Nos. 11, 15. For the reasons that follow, both Motions are DENIED.[1]

## BACKGROUND[2]

On September 26, 2011, Maldonado began employment with the County as a part-time Housekeeping Service Worker at the San Joaquin General Hospital. Sometime in or around December 2014, Maldonado was promoted to a full-time position. On July 24, 2015, however, Maldonado was released during the full-time position's probationary period, and her employment with Defendant was terminated on the ground that she did not meet department requirements.

In the meantime, on October 7, 2013, Saenz began her employment with Defendant as a part-time Shelter Counselor. On October 6, 2014, she was also promoted to a full-time position, but, as with Maldonado, Defendant terminated Saenz (this time just over two weeks later) for failure to satisfactorily complete her probationary period with respect to her full-time position.[3]

It is undisputed that both Maldonado and Saenz were initially employed by Defendant as part-time employees. It is also undisputed that both Plaintiffs were later promoted to full-time positions. The parties agree that Plaintiffs failed to complete their respective full-time probationary periods and were released from County employment. Additionally, it is undisputed that neither Plaintiff was given a pre-deprivation due

---

[1] Because oral argument would not have been of material assistance in rendering a decision, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[2] The following recitation of background facts is taken, sometimes verbatim, from Plaintiffs' FAC. ECF No. 6.

[3] On February 2, 2015, in response to an unfair labor practice charge, Defendant informed SEIU that Saenz had been discharged for dishonesty.

process hearing, nor informed of her alleged right to return to her pre-promotion position. And neither Plaintiff was returned to that pre-promotion, part-time position within the County.

In their Motion for Summary Judgment, as well as in their Opposition to Defendant's Motion, Plaintiffs allege that at the one year mark of being employed by the County, both Maldonado and Saenz obtained permanent status in their pre-promotion, part-time positions. Pls.' Mot., ECF No. 12 at 6; Pls.' Opp'n., ECF No. 16. As such, Plaintiffs allege that they had a property interest in their continued employment, entitling them to due process protections including the right to be returned to their pre-promotion positions, the right to be informed of these return rights, and the right to a pre-deprivation, due process hearing. Pls.' Mot., ECF No. 12; Pls.' Opp'n., ECF No. 16. In support of their claims, Plaintiffs assert that their due process rights are established in the plain language of the Civil Service Rules ("CSR"), which Plaintiffs contend governs part-time employees and explicitly provides that part-time employees may be permanent employees. More specifically, according to Plaintiffs, CSR's Rule 1 defines part-time employment, and unambiguously states that "a permanent position may be part time or full time." Pls.' Mot., ECF No. 12. Finally, Plaintiffs claim that even if they were not considered permanent employees, Defendant's CSR lends part-time employees a reasonable expectation of return rights, and that as an employee within Defendant's civil service, they can only be terminated for cause. Pls.' Opp'n., ECF No. 16 at 2-7.

Conversely, Defendant, in its Motion for Summary Judgment and in its Opposition to Plaintiffs' Motion, asserts that Plaintiffs at the time of termination were at-will employees that could be and were terminated from their employment with the County without cause during their respective probationary periods. ECF No. 15-1; ECF No. 18. According to Defendant, Plaintiffs, as part-time employees, were never permanent employees with the County. Def.'s Mot., ECF No. 15-1 at 4. Moreover, as part-time employees, neither Plaintiff falls under the purview of the CSR because they were simply not civil service employees. Id. at 3. Defendant further contends that part-time

employees have never been considered a part of the County civil service. Id. Finally, Defendant asserts that because part-time employees have separate and less stringent hiring practices and are not selected from a ranked list after having completed the relevant civil service examination, they consequently do not enjoy the greater protections of civil service employees. Id. at 4.

Defendant thus concludes that due to Plaintiffs' statuses as part-time rather than permanent employees, whose positions fall outside the civil service protections, they do not have an expectation of continued employment and therefore have no property interest in their employment or any associated due process rights. It follows, according to Defendant, that when Plaintiffs' employment was terminated they were not entitled to the rights to return to their pre-promotion position, to be informed of these return rights, or to the benefit of pre-deprivation, due process hearings.

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic

///

4

Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original). As the Supreme Court explained, "[w]hen the moving party has carried its burden under

Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. 87.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

## ANALYSIS

Plaintiffs' claims arise under the due process clause of the Fourteenth Amendment. "The Supreme Court has recognized that a government employee is entitled to due process when the employee has a property interest in a benefit, such as continued employment." Beckwith v. County of Clark, 827 F.2d 595, 596 (9th Cir. 1987) (citing Board of Regents v. Roth, 408 U.S. 564 (1972)). Further, "an interest in a benefit is a property interest for due process purposes if there is a mutually explicit understanding or a state law or other rule that supports the claim of entitlement to the benefit." Beckwith, 827 F.2d at 597; see also Perry v. Sindermann, 408 U.S. 593, 601 (1972); Dorr v. County of Butte, 795 F.2d 875 (9th Cir. 1986).

In contrast, in California, there is a presumption that all employees are at-will. Labor Code § 2922. "A mere expectation that employment will continue does not create a property interest. If under state law, employment is at-will, then the claimant has no property interest in the job." Hart v. Tuolumne Fire Dist., 2011 WL 3847088 (E.D. Cal. Aug. 30, 2011) at *15 (quoting Portman v. County of Santa Clara, 995 F.2d at 904).

However, "a public employee in California who can establish the existence of rules and understandings, promulgated and fostered by state officials, that justify his legitimate claim to continued employment absent sufficient cause, has a property interest in such continued employment within the purview of the due process clause." Hart v. Tuolumne Fire Dist., 2011 WL 3847088 at *16 (quoting Skelly v. State Personnel Board, 15 Cal. 3d 194, 207 (1975) (held that a state civil servant who achieved "permanent employee" status had property interest rights protected by due process). In the instant case, such "rules and understandings" creating a legitimate claim to the continued employment of County employees are found within the CSR.

The parties agree that both Saenz and Maldonado were promoted from part-time to full-time positions. Pls.' SSUF, ECF No. 17, at ¶¶ 43-44, 52-53. They also agree that both Plaintiffs were terminated during their respective full-time probationary periods. Id. at ¶¶ 46, 55. The crux of the present motions is therefore whether Plaintiffs had expectations of continued employment in their former part-time positions that entitled them to the right to return to their pre-promotion positions, the right to be informed of their return rights, and the right to pre-deprivation, due process hearings.

Defendant contends that the plain language of the CSR, as well as fifteen years of history between the parties, support its position that Plaintiffs—as part-time employees—were not entitled to the due process rights they are attempting to assert.[4] Def.'s Reply, ECF No. 20 at 5. Defendant points to the CSR's definitions of "Classified Service," "Position," and "Regular Position," to assert that, when taken together, these definitions reveal that there are only two types of positions in the County: (1) permanent regular positions that fall within the civil service and (2) other positions that fall outside the civil service. Id. at 5-6. Defendant asserts that without specific guidance from the CSR establishing that part-time employees are permanent regular employees, the

---

[4] Defendant offers evidence of historical contract negotiations with the SEIU, and a San Joaquin Human Resources memorandum to assist in determining the content of the contractual agreement between Defendant and the SEIU. Def's. Mot., ECF No. 12. "Under California law, a party may present extrinsic evidence to show that a facially unambiguous contract is susceptible of another interpretation." Maffei v. N. Ins. Co. of New York, 12 F.3d 892, 898 (9th Cir. 1993).

7

default presumption in California is that employees are at-will and able to be terminated without cause. Def.'s Mot., ECF No. 15-1 at 14. It follows, according to Defendant, that Plaintiffs, in their pre-promotion positions as part-time employees, therefore did not have an expectation of continued employment. Id. Essentially, Plaintiffs' employment was "at-will" because they were part-time employees who, although employed by Defendant for over a year, never completed a probationary period. Def.'s Reply, ECF No. 20 at 8. By Defendant's logic, because Plaintiffs never met the more stringent criterion that is associated with permanent employee status, they are not entitled to the employment benefits of permanent employees (e.g., return rights to pre-promotion positions and pre-deprivation due process hearings). Def.'s Mot., ECF No. 15-1 at 15. Defendant thus contends that Plaintiffs were at all times "at-will" employees, and at the point when Plaintiffs failed to meet the requirements of their promotional probation, their employment was legitimately terminated without implication of any due process rights regularly associated with permanent employees. Id. at 16.

Plaintiffs on the other hand assert they had a reasonable expectation of continued employment in their pre-promotion positions. Under the plain language of the CSR, they argue, all employees of the County are civil servants, regardless of whether those employees completed a probationary period. Pls.' Opp'n., ECF No. 16 at 4. Plaintiffs point to multiple sections within the CSR that they assert expressly contemplate part-time employees as falling within the protections of the civil service system. One example proffered by Plaintiffs is Rule 8, Section 6, which states in relevant part, "[a]ll appointments to positions in the Classified Service whether permanent, provisional, temporary, emergency, or part-time shall be promptly reported by the Appointing Authority…" Pls.' Reply, ECF No. 19 at 2 (emphasis added).

Further, Plaintiffs allege that not only were they part of the civil service system as part-time employees, but they were also permanent employees after having completed a one-year probationary period in their part-time, pre-promotion positions. Pls.' Mot., ECF No. 12 at 5-8. More specifically, the definition of "permanent" in Rule 1 of the CSR

8

expressly states that "[a] permanent position may be part time or full time."  ECF No. 13-3 at 10.  Thus, Plaintiffs assert that as part-time, permanent employees they had an expectation of continued employment and should have been returned to their pre-promotion positions, and only terminated for cause from those part-time, permanent positions.  Pls.' Mot., ECF No. 12.

Additionally, Plaintiffs allege that even if they are not considered permanent employees under the CSR, they maintain a property interest in the expectation to return to their prior positions because the CSR does not require an employee to have permanent status in their prior position.  Pls.' Reply, ECF No. 19 at 11.  In furtherance of this argument, Plaintiffs point to Rule 10 section 5, which provides that "[a] promoted employee who fails to complete the probationary period in the promotion class shall have the right to be returned to the pre-promotion classification and department…"  ECF No. 13-3 at 48.  Plaintiffs allege this rule's silence on permanency when discussing an employee failing the probationary period and returning to the pre-promotion position is an indicator that return rights are for all employees, not just those in permanent positions.

Finally, Plaintiffs allege that just as all members of the civil service have a property interest in their continued employment, they also can only be discharged for cause.  Pls.' Reply, ECF No. 19 at 10.  Plaintiffs point to CSR Rule 18 section 1, which states the rules of dismissal are applicable to all civil service employees and not just those who fall unambiguously within the permanent status.  Pls.' Opp'n., ECF No. 16 at 9-10.  Therefore, Plaintiffs allege that as part-time civil service employees, they have due process rights resulting from an expectation of continued employment (regardless of permanent employee status), and thus they should only have been terminated for cause.

In considering the respective positions of the parties, the Court concludes that this is, at bottom, an issue of interpretation of the CSR.  The Court is required to construe the language of a contract in light of the contract as a whole, and "[o]n a motion for summary judgment, a court may properly interpret a contract as a matter of law only if the meaning

of the contract is unambiguous."  Best Buy Stores, L.P. v. Manteca Lifestyle Center, LLC, 859 F. Supp. 2d 1138, 1147 (E.D. Cal. 2012), citing Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 990 (9th Cir.2006) (citation omitted).  Here, however, the parties dispute the plain meaning of the CSR, and that very dispute reflects the ambiguities therein.  Indeed, when taken as a whole, the provisions of the CSR are far from unambiguous.

When a contract provision is ambiguous "ordinarily summary judgment is improper because differing views of the intent of parties will raise genuine issues of material fact."  Maffei v. N. Ins. Co. of N.Y., 12 F.3d 892, 898 (9th Cir.1993) (quoting United States v. Sacramento Mun. Util. Dist., 652 F.2d 1341, 1344 (9th Cir.1981)).  Consequently, the Court finds there are genuine issues of material fact that foreclose the possibility of granting either motion for summary judgment.  These issues—which arise from the ambiguities present in the CSR as raised by both parties—include, but are not limited to: (1) whether Plaintiffs completed a one-year probationary period in their pre-promotion positions; (2) whether Plaintiffs are entitled to the protections of San Joaquin County's civil service system regardless of whether they completed their probationary periods; (3) whether Plaintiffs as part-time employees were able to attain permanent status, and whether they did in fact attain that status; and (4) whether regardless of their employment status, Plaintiffs had an expectation of continued employment under the CSR.  Accordingly, both Motions for Summary Judgment are DENIED.

///
///
///
///
///
///
///
///

**CONCLUSION**

For the reasons set forth above, both Plaintiffs' and Defendant's Motions for Summary Judgment (ECF Nos. 11, 15) are DENIED.

IT IS SO ORDERED.

Dated: November 30, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE